{¶ 38} On this appeal from an order of Judge Nancy McDonnell I concur but write separately to identify an additional reason to find that the "other owned automobile exclusion" is inapplicable to UMI claims under Citizens' Commercial Policy. Amended Substitute House Bill Number 261 of the 122nd General Assembly, effective 9-3-97, enacted Section (J) of R.C. 3937.18, which permitted an insurance carrier to preclude UMI coverage under a limited number of terms and conditions:
 {¶ 39} "While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, * * *."
 {¶ 40} Under the express statutory language, therefore, Citizens' policy could preclude such coverage only for motor vehicles that were owned by or furnished to or available for the regular use of Contractors Steel but not identified in it's policy. Lucas, while an "insured" or "omnibus insured"[2] for the purposes of UMI coverage, is not the named insured and was operating a motorcycle he owned, not one owned by Contractors Steel, the named insured.
 {¶ 41} Had the legislature intended other terms or conditions to be utilized to preclude coverage, such language would have been used, but it did not. The term "You," under Scott-Pontzer,[3] makes Lucas an "insured" but not a named insured for UMI purposes. When Citizens attempted to preclude UMI coverage while an "insured" is occupying any vehicle owned by an "insured" that was not described or identified in the Contractors Steel policy, it ran afoul of the limitations imposed by R.C. 3937.18. Citizens' "other owned automobile exclusion" is invalid.
[2] Drake v. State Farm Ins. Co. (Oct. 15, 1998), Cuyahoga App. No. 73502.
[3] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.